**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MD AWAL, on behalf of himself and others similarly situated,<br><br>*Plaintiff,*<br><br>-against-<br><br>LEAD SECURITY GROUP INC. and IFEANYI T. OBINALI,<br><br>*Defendants*. | No.<br><br>**<u>FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT</u>**<br><br>**Jury Trial Demanded** |

Plaintiff MD Awal ("Plaintiff"), individually and on behalf of all other similarly situated persons employed by Lead Security Group, Inc. ("Lead Security" or "Corporate Defendant") and Ifeanyi T. Obinali ("Obinali" or "Individual Defendant," and together with Lead Security, the "Defendants"), as class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.  Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), that Defendants failed to pay Plaintiff and a proposed class of others similarly situated the required overtime pay of time and one-half for hours worked in excess of forty hours per week.  Plaintiff and a proposed class are entitled to recover from Defendants: (1) unpaid overtime compensation; (2) liquidated damages on those amounts; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL," he and a proposed class of other similarly situated employees are entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation; (2) liquidated damages for

untimely wage payments; (3) liquidated damages and civil penalties pursuant to the New York

Labor Law and the New York State Wage Theft Prevention Act; and (4) prejudgment and

post-judgment interest; and (5) attorneys' fees and costs.

3.      In addition to seeking recovery for the Plaintiff and similarly situated employees,

this lawsuit also seeks to recover compensatory and punitive damages for disability

discrimination suffered by Plaintiff as a result of Defendants unlawful conduct in refusing to

engage in an articulable discussion around Plaintiff's request for a reasonable accommodation to

follow his doctor's orders to manage his diabetes and Defendants' retaliating against Plaintiff for

making this request by terminating his employment.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant

to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and

1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28

U.S.C. § 1367(a).

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391

because the Defendants maintain a place of business in this district and the majority of the

conduct making up the basis of the complaint took place in this district.

## PARTIES

6.      Plaintiff MD Awal is an adult over 18 years of age and resident of Queens County,

New York.

7.      Corporate Defendant LEAD Security Group Inc. conducts business in New York

including at 244 5th Avenue, Suite T320, New York, NY 10001; and at 2916 Frederick Douglass

Blvd, 3rd Floor, Suite 3C, New York, NY 10039.

8.    Corporate Defendant maintains a service of process address on file with the New York Department of State presently as follows: IFEANYI T OBINALI, 244 5TH AVENUE, SUITE T230, NEW YORK, NY, UNITED STATES, 10001.

9.    Corporate Defendant lists as its Chief Executive Officer on file with the New York Department of State presently as follows:  IFEANYI T OBINALI, 735 COMMONWEALTH AVENUE, APT 1, BRONX, NY, UNITED STATES, 10473

10.    Corporate Defendant maintains on file with the New York Department of State lists its Principal Executive Office Address as:  IFEANYI T OBINALI, 244 5TH AVENUE, SUITE T230, NEW YORK, NY, UNITED STATES, 10001.

11.    Individual Defendant Ifeanyi T Obinali is the owner and manager of Corporate Defendant.

12.    Individual Defendant was present on a day to day basis, and was the individual in charge, at the worksites where Plaintiff worked.

## STATEMENT OF FACTS

13.    Plaintiff worked at a homeless shelter located at 87-70 148 Street, Jamaica, NY.

14.    The company maintains several phone numbers including 212-381-7640.

15.    Plaintiff's hourly rate as per his present recollection was $23.00 per hour in 2022. Plaintiff notes this figure could be revised based on Defendants' production of the required wage and hour records.

16.    Plaintiff was, at times, paid his regular hourly rate for overtime hours, overtime hours meaning hours in excess of forty hours per week, rather than the required overtime rate of time and one-half.

17.     This practice of not paying overtime was reflected on certain of the paystubs provided to Plaintiff.

18.     During the employment, there was one week of wages that Defendants did not pay at all.

19.     During the employment Plaintiff was routinely not paid for all hours worked, usually due to Defendants' paying for 1 fewer hour worked than actually worked during a given week.  Plaintiff kept certain records of his hours worked which led him to uncover this practice.

20.     For about a five week period, no wages were paid and eventually they were paid in cash with purported withholdings and deductions but tax records show the employer did not actually make withholdings and deductions.

21.     For example, For the payroll of 07/01/2022 thru 07/02/2022, which was Plaintiff's first week, he worked 16 hours and was paid $267.20 with a tax deduction of $100.80 (gross income of $368). These taxes and deductions were never actually turned over to the authorities. Likewise, For the payroll of 08/28/2022 thru 09/03/2022, 48 hours paid ~$1104 with a tax deduction of ~$256 (gross income of ~$1360) and For the payroll of 09/11/2022 thru 09/17/2022, worked 48 hours, paid ~$1104 with a tax deduction of ~$256 (gross income of ~$1360).

22.     Plaintiff was responsible for the resting and inspection of fire systems.  This falls within  the category of system maintenance when determining prevailing wage classifications.

23.     Plaintiff holds a license as a fire guard.

24.     As such, Plaintiff was periodically required to sign-off on fire safety conditions in the homeless shelter where he worked.

25.     Due to the fact that many of Plaintiff's coworkers did not have fire guard licenses, they were not authorized to write fire safety incident reports.  Because Plaintiff did have a fire guard license, Defendants would often try to force Plaintiff to sign off on reports for incidents that occurred on days and for work shifts when Plaintiff was not present..

26.     Plaintiff is in his early 50s and suffers from Type II diabetes.

27.     In an effort to manage Plaintiff's diabetes, Plaintiff's doctors have forbidden him from working overnight shifts.

28.     Plaintiff brought his doctors recommendation to Defendants to seek a reasonable accommodation that he no longer be required to work overnight shifts.

29.     When Plaintiff initially brought this request to Defendants, the Individual Defendant agreed not to schedule him to work overnight.

30.     However, almost immediately thereafter, Defendants quickly reneged on this agreement and would frequently force Plaintiff to work overnight shifts anyway and would threaten to fire him if he did not comply.

31.     On the last day that Plaintiff worked for Defendants in November 2022, he worked a full shift from 4 pm to 12 am, at which time he was due to be relieved by the next security guard.

32.     Plaintiff waited one hour for his relief, but no one ever came.

33.     Plaintiff was not medically able to continue working a double shift through the overnight hours, as per his doctor's orders.

34.     Plaintiff called the Individual Defendant, but he did not pick up.  When it was clear that no one would be coming to relieve him, Plaintiff spoke to the house specialist in charge of the shelter, who gave him permission to go home.

35.     As soon as he arrived home, Plaintiff received a call from Obinali who said "You aren't supposed to go home," to which Plaintiff replied that he could not go back to work.

36.     Obinali said that if Plaintiff did not go back to work, he would be fired.

37.     Plaintiff told Obinali that he had given him his doctor's note saying that he wasn't supposed to work overnight shifts, but that Obinali didn't listen.

38.     Obinali told Plaintiff not to go home to his house, but to come straight to Defendants' office, implying that he would be fired.

39.     Based on what the Individual Defendant had told Plaintiff over the phone, it was clear that his employment was being terminated and that if he reported to the office, he would be fired in person.

40.     Plaintiff did not report to the office and remained at home.  The time was approximately 1:30 am at this point.

41.     The site where Plaintiff worked is governed by New York City's prevailing wage schedules under a contract with the New York Department of Homeless Services.

## COLLECTIVE ACTION ALLEGATIONS

42.     Plaintiff brings this action individually and as class representative on behalf of the "Proposed FLSA Collective" defined as:

> All current and former hourly employees of Defendants employed as security guards in New York State for the three-year period prior to the filing of the complaint.

43.     Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than one hundred (100) Collective Action Members who worked for the

Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

44.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

45.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

46.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

47.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have

acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

> 1. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

> 2. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

> 3. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

> 4. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

> 5. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements; and

> 6. Whether the Defendants failed to pay Plaintiff and the Collective Action Members for hours worked in excess of 40 hours per workweek.

48.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

49.     Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## **CLASS ACTION ALLEGATIONS**

50.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

51.     In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiff also brings this action on behalf of a "Proposed Rule 23 Class," under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

> All current and former hourly employees of Defendants employed in New York State as security guards for the six-year period prior to the filing of the complaint.

52.     Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable.  Based on Plaintiff's observations while working for Defendants and available public information, there are a minimum of 100 members of the proposed class.  Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class consists of all nonmanagerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

53.     The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

54.     The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

55.     Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

56.    Plaintiff will fairly and adequately protect the interests of the Proposed Class.

57.    Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that they must consider their interests just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class Members.

58.    Plaintiff recognizes that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and that they may be called upon to testify in depositions and at trial.

59.    Plaintiff has the same interests in this matter as all other members of the Proposed Class, and Plaintiff's claims are typical of the Proposed Class.

60.    There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

1. Whether the Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

2. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;

3. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

4. What hourly was the employee's hourly rate;

5. Whether the Defendants failed to pay Plaintiff and the Class members the required overtime compensation for all hours worked in excess of forty (40) hours

per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

6. What were the employees' duties;

7. Whether Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

8. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIMS

### COUNT I: FLSA – Overtime

#### *Brought on behalf of Plaintiff and the Proposed FLSA Collective*

61.     Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

62.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

63.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

64.     At all relevant times, Defendants employed Plaintiff and the Proposed FLSA Collective members within the meaning of the FLSA.

65.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

66.     Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA. Defendants failed to pay Plaintiff and the Proposed FLSA Collective members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

67.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

68.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Proposed FLSA Collective members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff and the Proposed FLSA Collective.

69.     Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

70.     Defendants failed to properly disclose or apprise Plaintiff and the Proposed FLSA Collective members of their rights under the FLSA.

71.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

72.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiff and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

73.     Plaintiff and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II: NYLL – Overtime Pay

### *Brought on behalf of Plaintiff and the Proposed Rule 23 Class*

74.     Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

75.     Defendants employed Plaintiff and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

76.     Defendants knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay Plaintiff and the Rule 23 Proposed Class members the applicable required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

77.     Defendants failed to properly disclose or apprise Plaintiff and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

78.     Defendants failed to furnish Plaintiff and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

79.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

80.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

81.     At the time of their hiring, Defendants failed to notify Plaintiff and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

82.     Due to the Defendants' New York Labor Law violations, Plaintiff and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

83.     Plaintiff and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### COUNT III: Breach of Contract - Failure to Pay Prevailing Wage

*Brought on behalf of Plaintiff and the Proposed Rule 23 Class*

84.    Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

85.    Upon information and belief, New York City's Department of Homeless Services ("DHS") Contracts entered into with Defendants, or that DHR entered into with Samaritan Village with Defendants as subcontractors, contained schedules of the prevailing rates of wages and supplemental benefits or reference to the NYLL provisions governing payment of prevailing wages to be paid to Plaintiff and the employees performing work pursuant to such contracts.

86.    Those prevailing rates of wages and supplemental benefits were made part of the DHS Contracts for the benefit of Plaintiff and the other employees performing work pursuant to such contracts.  In the event that the contracts or agreements entered into failed to explicitly contain prevailing wage schedules, the prevailing wage requirements were supplemented as a matter of law, requiring Defendants to pay Plaintiff and Class Members prevailing wages, daily/weekly overtime and supplemental benefits for all work performed.

87.    Defendants' failure to pay Plaintiff at the correct prevailing wage rates for straight time, overtime, and supplemental benefits for work performed pursuant to the DHS Contracts constituted a material breach of the contracts entered into directly or indirectly between Defendants and certain public entities.

88.    As a result of Defendants' failure to pay Plaintiff at prevailing wage rates, they are entitled to relief from Defendants for breach of contract under New York common law of contracts.

## COUNT IV: NYLL - Annual Wage Notice and Periodic Wage Statements

### *Brought on behalf of Plaintiff and the Proposed Rule 23 Class*

89.     Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

90.     Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff and the members of the Rule 23 Class as their primary language, containing Plaintiff's and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

91.     Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

92.     Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates

of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

93.    Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

94.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

95.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

**COUNT V: NYSHRL Reasonable Accommodation Disability Discrimination**

***Brought on behalf of Plaintiff***

96.    Plaintiff realleges and reavers each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

97.     Plaintiff's having diabetes, his desire to follow his doctor's orders to not work overnight shifts that would exacerbate his condition, and his efforts to properly manage his diabetes, constitute a "disability" as that term is defined under NYSHRL, § 292(21).

98.     Defendant's failure to engage in an articulable discussion around Plaintiff's reasonable accommodation request constitutes disability discrimination.

99.     By the aforementioned actions, Defendant discriminated against Plaintiff, costing him the terms, conditions and privileges of his employment, on the basis of his disability in violation of NYSHRL § 296(1)(a).

100.    As a result of the discrimination engaged in by Defendants, Plaintiff has suffered damages, including deprivation of income and benefits, termination of employment, loss of opportunity for advancement and promotion, pain and suffering, mental anguish, humiliation, and damage to reputation and career.

101.    Under the NYSHRL, § 290, et seq. Plaintiff is entitled to economic damages, including but not limited to loss of past and future income, compensation, and benefits, including interest thereon, as compensatory damages for his physical suffering and emotional distress.

102.    Defendant's discriminatory actions constituted willful violations of the NYSHRL, for which Plaintiff is entitled to punitive damages, pursuant to NYSHRL, § 297(9).

103.    Plaintiff is also entitled to attorneys' fees pursuant to NYSHRL § 297(10), and costs of this action.

### COUNT VI: NYCHRL: Reasonable Accommodation Disability Discrimination
*Brought on behalf of Plaintiff*

104.    Plaintiff alleges and incorporates by reference the allegations in all previous paragraphs as if set forth fully herein.

105.    Plaintiff's having diabetes, his desire to follow his doctor's orders to not work overnight shifts that would exacerbate his condition, and his efforts to properly manage his diabetes, constitute a "disability" as that term is defined under NYCHRL § 8-102(16)(a) and (b).

106.    Defendant's failure to engage in an articulable discussion around Plaintiff's reasonable accommodation request constitutes disability discrimination.

107.    By the aforementioned actions, Defendant discriminated against Plaintiff, costing him the terms, conditions and privileges of his employment, on the basis of his disability in violation of NYCHRL, N.Y.C. Admin. Code § 8-107(1)(a)

108.    As a result of the discrimination engaged in by Defendant, Plaintiff has suffered damages, including deprivation of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, humiliation, and damage to reputation and career.

109.    Under the NYCHRL, N.Y.C. Admin. Code § 8-101 , et seq. Plaintiff is entitled to economic damages, including but not limited to loss of past and future income, compensation, and benefits, including interest thereon, as well as compensatory damages for his physical suffering and emotional distress.

110.    Defendant's discriminatory actions constituted willful violations of the NYSHRL, for which Plaintiff is entitled to punitive damages, pursuant to NYCHRL, N.Y.C. Admin. Code § 8-502(a).

111.    Plaintiff is also entitled to attorney's fees and costs of this action pursuant to NYCHRL N.Y.C. Admin. Code § 8-502(g).

**COUNT VII Violation of the NYSHRL: Retaliation**

***Brought on behalf of Plaintiff***

112.    Plaintiff alleges, and incorporates by reference the allegations in all previous paragraphs above as if set forth fully herein.

113.    New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

114.    Defendants repeatedly threatening to terminate Plaintiff's employment for not being able to work overnight shifts due to his doctor's orders and ultimately terminating his employment solely on the basis of his disability constitute unlawful discrimination.

115.    Defendants have engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because of Plaintiff's engagement in an activity protected under this law.

**COUNT VIII Violation of the NYCHRL: Retaliation**

***Brought on behalf of Plaintiff***

116.    Plaintiff alleges and incorporates by reference the allegations in all previous paragraphs as if set forth fully herein.

117.    The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

118.    Defendants repeatedly threatening to terminate Plaintiff's employment for not being able to work overnight shifts due to his doctor's orders and ultimately terminating his employment solely on the basis of his disability constitute unlawful discrimination.

119.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

i.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly workers in New York State, and of their right to join this lawsuit if they belief they were denied proper wages;

ii.    An award for unpaid overtime compensation due under the FLSA and New York Labor Law;

iii.    An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

iv.    An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

v.      An award of monetary damages to be proven at trial for all unpaid prevailing wages, daily/weekly overtime and supplemental benefits owed to Plaintiff and the Class Members;

vi.     An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

vii.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

viii.   Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

ix.     An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

x.      An award of prejudgment and post-judgment interest;

xi.     Compensatory and punitive damages under the NYCHRL and NYSHRL;

xii.    An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL, NYSHRL, and NYCHRL;

xiii.   Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to FRCP 38 the Plaintiffs demand trial by jury on all issues.

Dated:    New York, NY          **LAW OFFICE OF MOHAMMED GANGAT**
          March 29, 2023
                               _____
                               Mohammed Gangat, Esq.
                               675 3rd Avenue, Suite 1810,
                               New York, NY 10017

(718) 669-0714
mgangat@gangatllc.com