**Law Office of Mohammed Gangat**  675 3rd Ave, Ste 1810, NY, NY 10017
(718) 669-0714  mgangat@gangatpllc.com

**March 11, 2024**

<u>via ECF</u>
Hon. Magistrate Judge Joseph A. Marutollo
United States District Court
Eastern District of New York
225 Cadman Plaza,
Brooklyn, NY 11201

                        **RE:**    *Md Awal, et.al. v. Lead Security Group Inc., et. al.*,
                                <u>Case No. 1:23-cv-02456-LDH-RER</u>

To the Honorable Judge Marutollo:

      I represent plaintiffs, Md Awal and Brandon Holmes-Clarke (the "Plaintiffs") in the above action. I am seeking your Honor's approval of the settlement of this action, pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

      This action arises under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime and other amounts due Plaintiffs as a result of the Defendants' alleged violations of these wage-and-hour laws, including failure to pay overtime, failure to pay spread of hours (i.e., an additional hour of pay for each workday in excess of ten hours per day), and failure to provide wage notices and accurate wage statements. Defendants deny the allegations in Plaintiff's complaint. Defendants specifically deny any potential liability and disputes Plaintiffs' claimed days and hours worked and the nature of Plaintiffs' employment.

      The parties attended a court-mandated mediation conference alongside their attorneys and have had multiple conversations ultimately arriving at a compromise figure to resolve all claims, including attorneys' fees and costs, and the parties memorialized this in a written agreement to resolve this Action (the "Agreement") that is now being submitted to Your Honor for approval. A copy of the Agreement is attached hereto as **Exhibit A**.

      I.    **Legal Standard**

      As the Court is aware, when Fair Labor Standards Act ("FLSA") claims are settled, the Second Circuit requires the Court to review and scrutinize settlement agreements to ensure fairness. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *see also Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

      The Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement. It did, however, identify 'red-flag issues', such as if an agreement contains a confidentiality clause; the scope of the release and worries surrounding general releases; and counsel fees exceeding 40% of the settlement payment. *Cheeks*, 796 F.3d at 206.

Hon. Joseph A. Marutollo (U.S.M.J.)
March 11, 2024
Page 2 of 5

This agreement contains a release limited to wage and hour claims and discrimination claims which were alleged in the Complaint. This agreement contains no requirement for confidentiality. The attorney's fees are the usual and customary 33.33% of the net settlement amount after expenses are deducted from the gross settlement. Thus, none of the red flags from *Cheeks* are present here.

The *Wolinsky* case set forth several factors to resolve "[t]he ultimate question" of "whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Wolinsky*, 900 F.Supp.2d at 335.

## II. Analysis of the *Wolinsky* Factors

The first factor is "the plaintiff's range of possible recovery." *Wolinsky*, 900 F.Supp.2d at 335 (citations omitted). Here, Plaintiffs calculated damages as follows.

Plaintiff MD Awal's calculated overtime damages as follows: During his employment, from June 2022 to November 2022, approximately 26 weeks, Plaintiff worked an average of 48 hours per week. Plaintiff was paid $23.00 per hour and was never paid overtime premium. Thus, Plaintiff estimates owed overtime wages of 8 overtime hours (48 hours minus 40 regular hours), multiplied by the overtime premium of $11.50 (half of $23), in the amount of $92.00 per week ($11.50 times 8 overtime hours), or a total of $2,392.00 ($92.00 times 26 weeks). Therefore, Plaintiff seeks unpaid overtime wages of $2,392.00 and an equal amount of liquidated damages of $2,392.00.

Plaintiff Brandon Holmes Clarke alleged 4 pay period of unpaid overtime. The overtime for each period is estimated to be between 2 - 4 hours. Plaintiff estimated 12 overtime hours, that should have been paid at $34.50 per hour for a total of $414.00 in unpaid overtime wages an equal amount of liquidated damage.

Under the agreement each Plaintiff will receive more than the amount of their calculated unpaid overtime. The parties submit that this is a reasonable recovery given the potential that Defendants prevail on their defenses in this action, or that Plaintiff is not able to successfully recover any judgment it may receive.

The second factor is "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses." *Wolinsky,* 900 F.Supp.2d at 335 (quotations & citations omitted). This is a significant factor for settling. Plaintiffs prefer the security of getting money now. Plaintiffs consider the settlement amount to be a favorable recovery. Plaintiffs will be able to obtain a significant recovery, without confronting the risks of trial. Plaintiff's circumstances are such that it is in their best interest to receive an expedient settlement payment, rather than further litigation and trial, and risk the

Hon. Joseph A. Marutollo (U.S.M.J.)
March 11, 2024
Page 3 of 5

ability to collect a judgment. Indeed, the risk of winning but Defendants not being able to pay a judgment is of significant concern to Plaintiffs.

Defendants want to avoid the time and expense of defending this claim. Although Defendants dispute the factual allegations, Defendants believe that the settlement is fair and reasonable because it will enable the Parties to avoid further anticipated burdens and expenses, including discovery costs, motion practice, trial, and attorneys' fees, which would be significant if the case were to go to trial. Additionally, the Defendants have considered the fee shifting nature of the FLSA for attorneys' fees if Plaintiffs were to prevail, which could result in a large fee award, even if damages were minimal. Furthermore, the Defendants believe the proposed settlement is fair and reasonable because the settlement was negotiated at arms-length by competent counsel.

As to the third factor, which is "the seriousness of the litigation risks faced by the parties," *Wolinsky*, 900 F.Supp.2d at 335 (citations omitted), Plaintiffs decided to enter into this settlement after a thorough investigation into Defendant's ability to pay and concluding that there is a serious risk that if this litigation were brought to its ultimate conclusion, Defendants would not be able to pay any judgment issued against them.

The fourth factor is "whether the settlement agreement is the product of arm's-length bargaining between experienced counsel," *Wolinsky*, 900 F.Supp.2d at 335(quotations & citations omitted). This agreement is fully the product of arm's length bargaining between experienced counsel. The settlement is reasonable under all of the *Wolinsky* factors.

### III.     Reasonable Attorney's Fee

The attorney's fee is also reasonable. Employees who are defrauded of wages typically cannot afford reasonable hourly rates, and many sole practitioners are unwilling to risk their time and efforts to vindicate the rights of disenfranchised employees. The Plaintiffs in this matter could not afford to pay usual and customary hourly fees to litigate this matter on his behalf. Due to these circumstances, Plaintiff's counsel represented Plaintiffs on a full contingency. This is consistent with the fee-shifting policy incorporated into the FLSA.

Some courts defer to the contract between the plaintiff and their counsel. *Mares v. Dal Chon Kim*, 2016 U.S. Dist. LEXIS 96723, at *5 (S.D.N.Y. 2016) ("[T]he purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee for overreaching by the employer . . . . I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney"). The latter view was espoused by the United States Supreme Court in *Venegas v. Mitchell*, 495 U.S. 82 (1990), where the Court construed 42 U.S.C. § 1988 and held that the fee-shifting statute:

> controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer. What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order. [The statute] itself does not interfere with the enforceability of a contingent-fee contract.

*Mitchell*, 495 U.S. at 90.

Similarly, in *Cheeks*, the Second Circuit Court of Appeals noted that the duty to pay wages falls upon the employer -- not the employee's counsel who labored for an agreed-upon fee. In *Cheeks*, the Second Circuit expressly noted "the FLSA's primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Cheeks*, 796 F.3d at 207. *Cheeks* only requires a court to review "adequate documentation" of the fee, which is submitted herein, and a review of the settlement amount that the employer is paying to the employees. *Id.* at 206. *Cheeks* is in full accord with *Mitchell*, where the Supreme Court limited its view to what the "losing defendant must pay," and approved the plaintiff's counsel's fee based upon the private contract between the parties, without intruding into the relationship between plaintiff and counsel. *See Mitchell*, 495 U.S. at 89.

A one-third contingency fee is "commonly accepted in the Second Circuit in FLSA cases." *Najera v. Royal Bedding Co., LLC*, 2015 U.S. Dist. LEXIS 71877, at *7 (E.D.N.Y. June 3, 2015) (collecting cases). *See, e.g. Gaspar v. Pers. Touch Moving, Inc.*, 2015 U.S. Dist. LEXIS 162243, at *5 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District"); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery). However, one-third is not the "'maximum fee percentage' that counsel may be awarded." *Fisher v. SD Protection Inc.*, 948 F.3d 593 (2d Cir. 2020). According to the Second Circuit, "[e]ven if helpful, however, the percentage of attorneys' fees cannot be the determinative factor in evaluating the reasonableness of the award." *Id.*

Here, I spent at least 30.9 hours as the plaintiff's attorney prosecuting this case. Records reflecting the work I performed and time spent on each task are attached hereto as **Exhibit B**. I am a 2009 graduate of Georgetown Law School and have been continuously licensed to practice law in New York since 2012. For the past 10 years, I have litigated in state and federal courts, with a focus on plaintiff-side employment lawsuits. I submit that an hourly rate of $500 is

reasonable for me, and the 25.6 hours I worked on this case can be valued conservatively at $15,450 (30.9 hours x $500 per hour).

Here, of the total $25,000 settlement amount, the attorney's fee is $6,000.00, which is 24% of the settlement amount, and considerably less than the commonly awarded 33.33%.

In view of the foregoing, the Parties jointly and respectfully request that the Court approve the Settlement Agreement and dismiss this matter with prejudice.

The amount is reasonable given the practical factors of litigation risk, time and expense. In reaching the figure, the parties and their attorneys had multiple conversations and attended a court-ordered mediation resulting in the parties reaching a compromise. The settlement amount constitutes a substantial recovery of the plaintiff's FLSA damages, including his liquidated damages, without the need for the case to be tried to a verdict.

In all, the Agreement is in line with the mandate from *Cheeks* and satisfied the *Wolinsky* factors. The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiffs and respectfully request that the Court approve the Agreement and ordering the Clerk of the Court to close this case.

We thank the Court for its time and attention to this matter.

    Respectfully Submitted,
    Law Office of Mohammed Gangat

    _____
    Mohammed Gangat, Esq.